## In re O'SULLIVAN.

### (No. 5,915.)

(Submitted November 15, 1926. Decided November 24, 1926.)

[251 Pac. 143.]

*Attorneys—Citizenship—Failure to Secure Certificate of Final Naturalization—Revocation of License—Dismissal of Proceeding.*

1. Where, after institution of proceedings for the revocation of the license of a practicing attorney who had been admitted on his representation that he had declared his intention to become a citizen of the United States, based upon denial of his petition for final naturalization, the attorney filed a certificate that in the meantime he had been granted full citizenship on his renewed petition pending at the time the proceedings were instituted, dismissal of the proceedings against him is warranted.

Proceeding for the revocation of the license of Emmet O'Sullivan to practice law. Dismissed.

*Mr. L. A. Foot,* Attorney General, and *Mr. C. N. Davidson,* Assistant Attorney General, for the State.

*Messrs. Belden & DeKalb* and *Mr. Merle C. Groene,* for Respondent.

### Opinion: PER CURIAM.

Upon an accusation filed by the attorney general, the above-named Emmet O'Sullivan was cited before this court to

show cause why his license to practice law in this state should not be revoked.

The sole basis of the accusation was that, in his application [1] for a license to practice, O'Sullivan recited that he had declared his intention to become a citizen of the United States, that subsequently his petitions for final naturalization had been denied, and that his failure to so deport himself as to enable him to become a citizen of the United States and of the state of Montana constituted a violation of his oath of office and of his duties as an attorney.

The accused filed answer to the accusation, in which he set forth in great detail the proceedings which he had taken in connection with his efforts to be admitted to full citizenship. It was further shown, at the time of the hearing of this matter on June 9, 1926, that the accused then had an application for final naturalization pending, but that action on the same could not be had until some time during the fall of this year. After the matter was submitted, we concluded that, since it appeared the accused at all times had been and still was in good faith pursuing his efforts to become a citizen and that he had not been guilty of any misrepresentation, fraud or deception in connection with the presentation of his petition for admission to practice as an attorney, the further consideration of the matter should be continued to await the final determination of the accused's application for admission to citizenship, and we directed that, when the final order should be made therein, either the attorney general or the accused might file in this court for consideration a certified copy of the order made in connection with said application.

On the 15th of this month the accused filed in this court a certified copy of an order, which had been duly given and made by the district court of Fergus county on the twelfth day of November, 1926, admitting him to become a citizen of the United States, and at the same time presented and filed a certificate of naturalization which had been issued to him pursu-

ant to said order, thereby establishing the fact that he had become and now is a full citizen of the United States.

In view of the fact that there is nothing before the court to indicate that the accused acted in other than good faith in prosecuting his endeavors to become a citizen, and has now successfully removed the only ground upon which it was sought to have his license to practice law revoked, we think the proceeding should be dismissed, and it is so ordered.

*Proceeding dismissed.*